**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 12 |
|  | ) | Case No. 13-42201-MSH |
| GARY VINCENT VECCHIONE | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

**MEMORANDUM OF DECISION AND ORDER ON MOTION TO DISMISS**

Before me is the motion of Otwood Investment Group, LLC to dismiss this chapter 12 case

filed by the *pro se* debtor, Gary Vincent Vecchione. Otwood seeks dismissal of Mr. Vecchione's

bankruptcy case on a variety of grounds, chief among them is Otwood's claim that Mr. Vecchione

is not eligible to be a chapter 12 debtor.

**Facts**

On August 29, 2013, Mr. Vecchione filed a voluntary petition for relief under chapter 12 of

the Bankruptcy Code (Title 11 of the U.S. Code). On the same day, he commenced an adversary

proceeding against Otwood and various individuals.

In schedule A (real estate) of the schedules of assets and liabilities accompanying his

bankruptcy petition, Mr. Vecchione lists sole ownership of 10.5 acres of land located at 189

Mendon Street, Uxbridge, Massachusetts.[1] According to Mr Vecchione's schedules A and D

(creditors holding secured claims), the Mendon Street land has a value of $150,000 and the land

secures a $90,000 claim held by Otwood. Mr. Vecchione's schedules list only two other creditors,

both unsecured: "Why Not Lease It. Com" holding a claim in the amount of $1,000 and Don

---

[1] In fact record title to the Mendon Street property is held by Otwood which purchased it at a
prepetition foreclosure sale.

Virostek holding a claim in the amount of $10,000. In schedule I (income), Mr. Vecchione lists his

occupation as nursery manager of the Uxbridge Farm and Fairgrounds located at the Mendon

Street property and states that he has been employed there for eleven years. He claims monthly

income of $2,400 from the operation of a business but fails to attach the required statement

detailing the nature and source of such income. According to schedule I, his wife, who is not a

debtor in this case, has monthly income of $3,000 from her employment as a bookkeeper plus $600

a month from a pension or retirement fund.[2]  Schedule I also states that Mr. Vecchione's income

will increase "once business mortgage/possession is stabilized." Mr. Vecchione's schedule J

(expenses) does not reflect any regular expenses from the operation of a business.

In his Statement of Financial Affairs ("SOFA"), Mr. Vecchione lists his wife's income for

the period 2011 through 2013. For himself he lists income only for the year 2012 of $1,108 with

the notation that this income was derived from his "self-employment" at the Mendon Street

property. Included in Ms. Vecchione's income for 2011 is $9,471 received by her for

"self-employment" at the Mendon Street property along with a notation that the business at the

Mendon Street property was operated by Mr. Vecchione.

On November 20, 2013, I granted Otwood's motion for relief from the automatic stay to

permit Otwood to proceed with, among other things, evicting Mr. Vecchione from the Mendon

Street property which it had purchased at a prepetition foreclosure sale.

At the hearing on the motion to dismiss Mr. Vecchione conceded that he has engaged in no

farming operations in the commonly understood sense at the Mendon Street property or anywhere

---

[2]  Schedule I fails to note any deductions from Ms. Vecchione's income as a bookkeeper although
line 5 of schedule I, the subtotal of payroll deductions, claims her deductions total $3,000. This is
clearly an error as the same schedule claims her average monthly income is $3,600.

else for quite some time. He stated that for this reason he does not maintain insurance for his

business at the Mendon Street property. At the hearing, Mr. Vecchione argued, however, that he

was in the "agritourism" business. He stated that at various times he used his land, which I take to

be a refernce to the Mendon Street property, for recreational activities open to the public for a fee,

including ice skating, skate sharpening, sledding, hayrides and archery. He also stated that two

years ago he grew pumpkins and watermelons on land other than the Mendon Street property

owned by a third party. He also stated he used that land for excavation of gravel and fill. According

to Mr. Vecchione, these activities make him a farmer eligible to file a chapter 12 case.

### Discussion

"Only a family farmer … with regular income may be a debtor under chapter 12" of the

Bankruptcy Code. 11 U.S.C. § 109(f). The Bankruptcy Code defines a family farmer, in part, as:

> [an] individual or individual and spouse *engaged in a farming operation* whose aggregate
> debts do not exceed $3,544,525 and not less than 50 percent of whose aggregate
> noncontingent, liquidated debts (excluding a debt for the principal residence of such
> individual or such individual and spouse unless such debt arises out of a farming
> operation), on the date the case is filed, arise out of a farming operation owned or operated
> by such individual or such individual and spouse, and such individual or such individual
> and spouse receive from such farming operation more than 50 percent of such individual's
> or such individual and spouse's gross income for—
>
> > (i) the taxable year preceding; or
> >
> > (ii) each of the 2d and 3d taxable years preceding the taxable year in which the case
> > concerning such individual or such individual and spouse was filed.

11 U.S.C. § 101(18) (emphasis added). "Farming operation," in turn, is defined as including

"farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or

livestock, and production of poultry or livestock products in an unmanufactured state." 11 U.S.C. §

101(21). As this is not an exclusive list, other activities not specifically mentioned may also

3

qualify as farming operations. *In re Watford,* 898 F.2d 1525, 1527 (11th Cir.1990). The definition

should be construed liberally, *id.*, but at the same time "it cannot be so broadly applied as to bring

in operations clearly outside the nature or practices one normally associates with farming." *In re*

*Dakota Lay'd Eggs,* 57 B.R. 648, 653 (Bankr. D.N.D. 1986). Ultimately, each case should be

decided on its own unique facts. *In re Buckingham,* 197 B.R. 97, 103 (Bankr. D. Mont. 1996).

Mr. Vecchione is not a family farmer. He is not currently engaged in any farming

operations and has not been involved in any farming operations for at least two years when he last

grew pumpkins and watermelons. His SOFA lists no income for 2011, the year Mr. Vecchione

claims to have grown pumpkins and watermelons. Mr. Vecchione's assertion that agritourism is a

farming operation is not supported by the letter or spirit of Bankruptcy Code § 101(18). By his

logic Disneyland is a farming operation because it was built on land that had formerly been an

orange grove.

### Conclusion

Because Mr. Vecchione is not a family farmer with regular income derived from farming

operations, he is not eligible for relief under chapter 12 of the Bankruptcy Code. Before acting on

Otwood's motion to dismiss, I will give Mr. Vecchione until December 13, 2013, to move to

convert his case to a chapter of the Bankruptcy Code for which he is eligible.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

4

Gary Vincent Vecchione, pro se

Counsel Appearing:     Mark Foss, Esq.
                       Fletcher Tilton PC
                       Worcester MA
                       for Otwood Investment Group, LLC,